**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CRYSTAL N. RODGERS, | DOCKET NUMBER |
| Appellant, | SF-0752-22-0229-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 15, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Albert Lum, Brooklyn, New York, for the appellant.

Keith Reid, Esquire, Virginia Beach, Virginia, for the appellant.

Alexander R. Rivera, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to discuss both the appellant's affirmative defense of retaliation for engaging in equal employment opportunity (EEO) activity and the agency's consideration of the appellant's length of service in its penalty determination, we AFFIRM the initial decision.

The appellant has not challenged the administrative judge's finding that the agency met its burden of proof as to its charges.[2] Petition for Review (PFR) File, Tab 1. On review, she has reasserted her argument that the agency improperly subjected her to double punishment by placing her on an emergency suspension and later removing her. *Id.* at 10-15. Although an agency cannot punish an employee twice for the same conduct, *Adamek v. U.S. Postal Service*,

---

[2] The appellant argues that "the safety talks from July 2021 to September 2021 should [not] have been part of [the] discipline" because she was on leave during that time. Petition for Review File, Tab 1 at 9. To the extent the agency relied on those safety talks to sustain its charges against the appellant, this was erroneous because they occurred after the misconduct. Initial Appeal File (IAF), Tab 5 at 23-24. However, any error was harmless because, as discussed by the administrative judge, the appellant was on notice of the agency's policy at the time of the misconduct. IAF, Tab 30, Initial Decision at 2-4, 17-19 (summarizing the agency's safety briefings between April and December 2020, noting the letter of reprimand issued to the appellant, which explicitly put her on notice of the agency's policy at issue in this appeal, and recognizing the multiple instructions given to the appellant regarding the agency's policy before the misconduct occurred); *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

13 M.S.P.R. 224 (1982), we agree with the administrative judge, for the reasons stated in the initial decision, that the appellant was not punished twice for the same offense and, therefore, she cannot prevail in her double punishment argument, Initial Appeal File (IAF), Tab 30, Initial Decision (ID) at 33-39. In this case, the agency did not consider the emergency suspension to be in lieu of the contemplated discipline. IAF, Tab 22 at 5. The emergency suspension had a different basis than the removal, ID at 35-39, and because the Board lacks jurisdiction over suspensions of 14 days or less, 5 U.S.C. § 7512, we are precluded from deciding if the emergency suspension was improper. *See Bradley v. U.S. Postal Service*, 96 M.S.P.R. 539, ¶ 12 (2004) (holding that whether an emergency placement in off-duty status and a subsequent adverse action constitute double punishment turns on the question of whether the reason for the two actions was the same); *see also Harrison v. U.S. Postal Service*, 26 M.S.P.R. 37, 38-39 (1985).

Although not explicitly raised by the appellant on review, we address two other matters in this order. First, in analyzing the appellant's retaliation affirmative defense, the administrative judge identified the legal standard set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25, she discussed the various methods of direct and circumstantial evidence, and she implicitly found that the appellant did not prove that retaliation was a motivating factor in the removal decision. ID at 30-32. The Board has since overruled *Savage* to the extent it held that the *McDonnell Douglas* framework is not applicable to Board proceedings. *Pridgen*, 2022 MSPB 31, ¶ 25. Nonetheless, the outcome of this appeal under *Pridgen* would be the same as that arrived at by the administrative judge. Notably, under *Pridgen*, the appellant must still show that the prohibited consideration of the appellant's EEO activity was at least a motivating factor in the agency's decision to remove her,

*id.*, ¶¶ 20-22, 30, and we agree with the administrative judge's implicit finding that the appellant failed to make this showing, ID at 30-32.

Second, the agency, in its consideration of the penalty factors enumerated in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), appears to have used the appellant's 21 years of service as an aggravating factor, reasoning that the misconduct should not have occurred based on the appellant's considerable experience with the agency. IAF, Tab 1 at 16. The Board has not endorsed this approach. *See Shelly v. Department of the Treasury*, 75 M.S.P.R. 677, 684 (1997) (disagreeing with the agency's position that the appellant's length of service was an aggravating factor because a longtime employee "should have known better" and, instead, considering the appellant's 23 years of service as a mitigating factor). However, we find that this error is harmless because, as set forth in the initial decision, on the whole, the *Douglas* factors support a finding that removal was a reasonable penalty. ID at 42-45; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

We have considered the appellant's remaining arguments on review but conclude that they provide no basis to disturb the initial decision. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions on issues of credibility).[3] We therefore deny the petition for review and affirm the initial decision as modified.

---

[3] We have not considered the appellant's argument, raised for the first time on review, that the agency violated her due process rights by failing to conduct an adequate investigation into her misconduct because she has not established that it is based on new evidence that was unavailable prior to the close of the record despite her due diligence. PFR File, Tab 1 at 9, 14; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


_Gina K. Grippando_

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.